SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Kate.Rochat@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00374-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ALISTAIR MACFARLANE SIDENER,** | |
| **Defendant.** | |

On June 12, 2025, the defendant went to the Immigration and Customs Enforcement Building (ICE) to protest and, throughout the course of the evening, vandalized and destroyed thousands of dollars' worth of federal property. The defendant will be before the Court for sentencing after pleading guilty to a one-count Superseding Information for Depredation of Government Property. The Court should impose 27 months of imprisonment followed by 3 years of supervised release, and a $100 fee assessment. This recommended sentence is sufficient but not greater than necessary under 18 U.S.C. § 3553(a) to accomplish the goals of sentencing. It fairly balances the nature, circumstances, and seriousness of the offense with defendant's history

///

**Government's Sentencing Memorandum**                                                            **Page 1**

and characteristics and the need to protect the public, provide deterrence, and promote respect for the law.

## I.      FACTUAL AND PROCEDURAL BACKGROUND:

The Immigration and Customs Enforcement Building (ICE) is located on Macadam Ave, Portland, within the District of Oregon. PSR ¶ 1. The building, which is leased by the General Services Administration, has an attached gate to control the entry and exit of vehicles. The vehicle gate both surrounds the building's grounds and connects directly to portions of the building that can be occupied.

On June 12, 2025, protestors gathered at a large public demonstration outside of the ICE building. The defendant was one of these protestors. PSR ¶15. While the protest was initially peaceful, at some point it became violent. Several demonstrators were physically combative with law enforcement officers tasked with protecting the building and monitoring the protest. *Id*. The defendant, armed with a plastic bin lid that had been modified into a shield, aggressively shoved a federal officer who was deployed to the ICE building driveway. *Id.*

Later in the evening, a group of demonstrators began vandalizing the ICE building property. The defendant approached exterior cameras mounted on the outside of the ICE building. Using a water gun filled with green paint, she discharged the water gun at the cameras, damaging them and obscuring their lenses. PSR ¶16. At another point that evening, the defendant used long metal poles to physically strike the cameras, damaging the cameras further. PSR ¶16. Following this, she was observed striking and clipping the wires of an electronic card reader located at the ICE building's front driveway near the vehicle gate. PSR ¶17.

Later, the defendant rolled a large garbage can onto the ICE building driveway and, with the help of other protestors, filled it with flammable objects. She then attempted to light it with a

**Government's Sentencing Memorandum**                                                    **Page 2**

lighter. PSR ¶18. Two additional demonstrators assisted the defendant by adding additional refuse and liquid accelerant to the garbage can. *Id.* Once the contents of the garbage can were ignited, the contents were then dumped onto the ICE building driveway, which erupted into a large fire that damaged the ICE building. *Id.*

### A.    The Charge and Plea Agreement

On January 29, 2026, the defendant waived indictment and, pursuant to a plea agreement, pleaded guilty to a single-count Superseding Information which charged that on or about June 12, 2025, in the District of Oregon, the defendant did knowingly and willfully injure and commit a depredation against property of the United States. Specifically, the defendant was charged with damaging the gate controlling ingress and egress into the ICE building.

### II.    GUIDELINES AND THE PSR

The parties do not have any outstanding objections to the PSR. As annotated in the PSR, the government recommends that the defendant receive a two-level downward adjustment to her offense level under USSG § 3E1.1(a) and a one-level downward adjustment under USSG § 3E1.1(b). The government also moves for a three-level downward variance in reflection of the defendant's early resolution of the matter and in consideration of 18 U.S.C. §3553(a)(1) mitigation.

### A.    Acceptance of Responsibility

USSG § 3E1.1(a) applies when the defendant "clearly demonstrates acceptance of responsibility for his offense." Courts may consider, among other factors, whether the defendant truthfully admitted the conduct comprising the offenses of conviction and relevant conduct, voluntarily terminated or withdrew from criminal conduct, voluntarily paid restitution, voluntarily surrendered to authorities, assisted authorities in the recovery of fruits or

**Government's Sentencing Memorandum**                                    **Page 3**

instrumentalities of the offense, and the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. USSG § 3E1.1(a) cmt. n.1.

The PSR found that defendant demonstrated an acceptance of responsibility and that they should receive a two-level downward adjustment to his offense level under USSG § 3E1.1(a) (PSR ¶ 34). The United States agrees and moves for an additional one-level downward adjustment pursuant to USSG § 3E1.1(b), as anticipated and reflected in in the PSR calculation. (PSR ¶ 35).

**B.      Additional Variance for Early Resolution and 18 U.S.C. §3553(a)(1)**

The government recommends an additional three-level variance in reflection of the defendant's early resolution of the criminal case and in consideration of 18 U.S.C. §3553(a)(1) mitigation. The defendant, by resolving her case in a timely manner, has saved substantial resources that otherwise would be expended to resolve their case.

**III.     THE GOVERNMENT'S RECOMMENDED SENTENCE**

The Court should impose a 27-month term of imprisonment followed by 3 years of supervised release, and a $100 fee assessment. A lesser sentence would not reflect the seriousness of the offense charged, the disregard for human safety that the defendant's behavior evinces, and the disruption to the function of public institutions.

The defendant's actions were a premeditated and intentional destruction of government property that resulted in over $15,000 of estimated damage. Furthermore, the defendant achieved this damage, in part, with fire. Fire is inherently unpredictable and uniquely dangerous: once ignited, it can spread rapidly, produce toxic smoke, and spreads panic, which can lead to further injury. By setting fire to an occupied government structure, the defendant endangered not only

///

**Government's Sentencing Memorandum**                                         **Page 4**

federal property, but also every person inside of the building, any first responders or emergency personnel, and other protesters in the area.

The nature and circumstances of this offense demonstrate a complete disregard for federal property and the rule of law. These actions warrant a significant custodial sentence that, nevertheless, accounts for the defendant's youth and minimal criminal history.

For these reasons, a sentence of 27-months of imprisonment, which is at the low end of the advisory guidelines range, is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553. It appropriately reflects the seriousness of the offense, promotes respect for the law, and ensures

## IV.    CONCLUSION

Based on the foregoing, the Court should sentence defendant to: (1) 27-months of imprisonment, (2) a three-year term of supervised release; and (3) a $100 special assessment.

Dated: June 11, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney


*/s/ Kate A. Rochat*
KATE A. ROCHAT, OSB #184324
Assistant United States Attorney